UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMY JAMES, ) | |
| ) | |
| Plaintiff ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| ALLIED INTERSTATE, LLC, ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

JIMMY JAMES ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, LLC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b), as Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19104.

6. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant, Allied Interstate, LLC is a national debt collection company with its corporate headquarters located at 200 Central Avenue, 7th Floor, St. Petersburg, Florida 33701.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant is "person" as that term is defined by 47 U.S.C. §153(39).

11. Debt collection is the principal purpose of Defendant's business.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Upon information and belief, Defendant contacted Plaintiff to collect a consumer debt that was incurred primarily for personal, family, or household purposes.

14. Plaintiff does not have any business or commercial debts, so the debt at issue could only have been a personal debt.

15. Beginning in or around May 2017 and continuing through August 2017, Defendant, by and through its employees, continuously and repeatedly contacted Plaintiff on his cell phone to collect an alleged consumer debt.

16. Defendant's calls originated from phone numbers that include, but are not limited to the following: (866) 465-3710. The undersigned has confirmed that this number belongs to the Defendant.

17. Plaintiff received automated calls from Defendant that began with a noticeable delay or pause before speaking to one of Defendant's collectors.

18. During this period, Defendant contacted Plaintiff daily, often multiple times per day.

19. Defendant's calls were not placed for "emergency purposes."

20. During these calls, Defendant insisted that Plaintiff provide his date of birth as well as Social Security number prior to disclosing information to him about the alleged debt.

21. Fearing for his personal security interests, Plaintiff did not disclose this requested information to Defendant.

22. Upon initial communication with Defendant and multiple times thereafter, Plaintiff requested that Defendant stop calling his cellular telephone and to send him information in writing about the alleged debt.

23. Defendant heard and acknowledged Plaintiff's instruction to stop calling by continuing to talk over Plaintiff when asked to stop calling.

24. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

25. Instead of restricting its calls to Plaintiff's cell phone number, Defendant instead continued to call Plaintiff excessively each day despite Plaintiff's repeated instructions to stop calling him.

26. Plaintiff realized that it was Defendant calling him because he spoke to male and female collectors who indicated their company name as the Defendant's, and their company name appeared on his caller ID during incoming calls.

27. These additional calls from Defendant were particularly annoying and disruptive to Plaintiff since he was sometimes called while in the midst of attending church services.

28. Defendant failed to send Plaintiff a required written notice that provided information upon which to request verification of the debt or a copy of the judgment.

29. Additionally, Plaintiff threatened to pursue legal action against Plaintiff in or about June or July 2017.

## COUNT I
## DEFENDANT VIOLATED § 1692d and d(5) OF THE FDCPA

30. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

31. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

32. Defendant violated § 1692d and d(5) when it placed repeated harassing telephone calls to Plaintiff each day and continued to call Plaintiff incessantly in spite of his innumerable instructions to stop calling.

## COUNT II
## DEFENDANT VIOLATED §§1692e, 1692e(5) AND 1692e(10) OF THE FDCPA

33. Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34. Section 1692e(10) prohibits a debt collector from using of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Section 1692e(5) prohibits a debt collector from threatening to take action that cannot legally be taken or is not intended to be taken.

36. Defendant violated §§1692e, 1692e(5), and 1692e(10) of the FDCPA by falsely stating to Plaintiff that they would file a lawsuit or seek legal action if the alleged debt was not paid. Defendant made this misrepresentation merely to coerce or compel Plaintiff to make payment. The lapse in time without any steps made in furtherance of filing a lawsuit shows that Defendant had no intention to pursue this course of action against Plaintiff when the statement was made.

### COUNT III
### DEFENDANT VIOLATED §1692(g) OF THE FDCPA

37. A debt collector violates §1692g of the FDCPA by failing to send the consumer a written notice, within five days after the initial communication with the consumer, containing all of the following: the amount of the debt, the name of the creditor to whom the debt is owed, a statement that unless the consumer disputes the debt within thirty days after receiving this written notice, the debt will be taken as valid by the debt collector, a statement that if the consumer does notify the debt collector that s/he disputes the debt, the debt collector will obtain and mail out verification of the debt, or a copy of any existing judgment, a statement that, upon the consumer's written request, the debt collector will provide the name and address of the original creditor.

38.     Here, Defendant failed to send Plaintiff a written notice regarding the alleged debt within five days after the initial communication was made in or around May 2017. Defendant did not send Plaintiff any written notice about the debt since the calls commenced.

## COUNT IV
## DEFENDANT VIOLATED THE TCPA

39.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

41.     Defendant's calls to Plaintiff were not made for emergency purposes, as they were attempting to collect a balance remaining on Plaintiff's account.

42.     Defendant's calls to Plaintiff on and after May 2017 were not made with Plaintiff's prior express consent.

43.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

44.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

45.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JIMMY JAMES, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

h. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JIMMY JAMES, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

|   |   |
|---|---|
|   | RESPECTFULLY SUBMITTED, |
|   | KIMMEL & SILVERMAN, P.C. |
| DATED: April 27, 2018 | By: */s/ Amy L. Bennecoff Ginsburg* |
|   | Amy L. Bennecoff Ginsburg |
|   | Kimmel & Silverman, P.C. |
|   | 30 E. Butler Pike |
|   | Ambler, PA 19002 |
|   | Phone: (215) 540-8888 |
|   | Fax: (877) 788-2864 |
|   | Email: aginsburg@creditlaw.com |
|   | Attorney for Plaintiff |